947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin Vernell JOHNSON, Defendant-Appellant.
 No. 90-30080.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1991.*
Decided Nov. 7, 1991.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnson appeals his sentence for conspiracy to distribute cocaine, distribution of cocaine and 13 counts of avoiding monetary reporting requirements. Applying the Sentencing Guidelines, the court sentenced him to 20 years for distribution, 10 years for conspiracy and five years for each of the monetary reporting counts, all to be served concurrently. The court also imposed a fine of $100,000. We affirm.
 
 
 3
 Johnson argues that the court erred by enhancing his sentence based on a prior California conviction. He pleaded no contest to drug charges in California in 1987. He now argues that his plea was not made knowingly and voluntarily.
 
 
 4
 The record demonstrates that he understood and accepted the consequences of his plea. He contends that the California court failed to recite the underlying facts of the plea. He stipulated, however, to the factual basis of the plea. Such stipulations are treated as having been established by clear proof. United States v. Patterson, 812 F.2d 1188, 1192 (9th Cir.1987). We find that Johnson was duly advised of his rights and pleaded guilty voluntarily.
 
 
 5
 Johnson also contends that the district court erred in failing to specify the standard of proof needed to establish the prior conviction. Due process requires that prior convictions be established by a preponderance of the evidence. McMillan v. Pennsylvania, 477 U.S. 79 (1986). We agree with the court's conclusion that the government met this burden.
 
 
 6
 Johnson further argues that the evidence of his prior conviction was inadmissible hearsay. Courts may consider hearsay in sentencing unless "the factual basis for believing [it is] almost nil." United States v. Weston, 488 F.2d 626, 633 (9th Cir.1971), cert. denied, 404 U.S. 1061 (1972). See also United States v. Fernandez-Vidana, 857 F.2d 673 (9th Cir.1988). Johnson offers no reason to believe the record of the prior conviction is inaccurate. The court properly admitted evidence of the prior conviction.
 
 
 7
 Johnson also challenges the constitutionality of the Guidelines. He contends that the Guidelines improperly shift the burden of proof to the defendant. Courts have consistently interpreted the Guidelines as placing the burden on the prosecution to prove the facts necessary to establish the base offense level. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). After the government established the base level, Johnson appropriately bore the burden of proving mitigating facts.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3