972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Joseph SWEENEY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Joseph SWEENEY, Defendant-Appellant.
 Nos. 90-50074, 90-50130.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1992.*
Decided July 17, 1992.
 
 Before HUG, PREGERSON and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Appellant Kevin Joseph Sweeney pleaded guilty to one count of conspiracy to manufacture and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 846. He was sentenced to a term of imprisonment of 20 years, and a 5 year term of supervised release. Appellant now appeals his sentence. We affirm.
 
 DISCUSSION
 
 3
 Pursuant to a plea agreement, appellant pleaded guilty to one of seven counts of conspiracy, manufacturing, possession, and distribution of methamphetamine. In the plea agreement, the government stipulated that the narcotics involved was a one kilogram mixture of methamphetamine. The probation officer, however, calculated the offense level based upon the actual amount of methamphetamine involved. The presentence report also recommended a two point increase for a leadership role, and for a criminal history category of VI based on appellant's status as a career offender. Appellant objected to these recommendations.
 
 
 4
 The district court fully adopted the recommendations in the presentence report, with the exception of declining to determine whether appellant was a career offender or not. The presentence report calculated appellant's offense level to be 36 (regardless of his status as a career offender). The district court accepted this calculation. The presentence report calculated the appellant's criminal history category as a IV or, if appellant was found to be a career offender, a VI. Appellant agreed that the category would be at least a IV. Thus, if appellant was not a career offender, his guideline range was 262 to 327 months. If he was a career offender, his range would be 324 to 405 months. Either way, the 240 month sentence imposed amounted to a downward departure from the guidelines range.
 
 
 5
 Under such circumstances, it is difficult to see how appellant could benefit from a remand requiring the court to determine whether he is a career offender or not. Even if, on remand, the district court concludes that (despite his prior convictions for voluntary manslaughter and assault with a firearm on a person) appellant is not a career offender, his Guidelines range will be above the 240 months that appellant received.
 
 
 6
 This would be a different case if appellant could establish that his offense level was improperly calculated. If his offense level had been lower, a finding that appellant was not a career offender could benefit him by giving him a Guidelines range below 240 months. At the sentencing hearing, appellant did object to the quantity of narcotics attributed to him in setting his base offense level. While recognizing that a district court's determinations regarding the quantity involved must stand unless clearly erroneous, Sweeney makes no argument on appeal that such findings were in error. Nor has our independent review of the record uncovered any cognizable error. See Fed.R.Crim.P. 52(b).
 
 
 7
 It is true that under the plea agreement, the government agreed to limit the quantity of narcotics to one kilogram of methamphetamine mixture. The plea agreement also expressly noted, however, that the sentencing judge was not a party to the agreement and was not bound to follow the agreement. Finally, the agreement made clear that the government would notify the court and the probation department of all information in its possession relative to sentencing.
 
 
 8
 At sentencing, appellant objected that the presentence report incorrectly calculated the true amount of methamphetamine involved. The report concluded that the total amount of methamphetamines involved in the conspiracy was 39 kilograms which, under the drug equivalency tables in force at the time translated to 78 kilograms of cocaine. Sweeney, in his response and objection to the presentence report, argued that some of the methamphetamine was being double counted. He conceded, however, that he sold 776.6 grams of methamphetamine, and negotiated for the purchase of 110 pounds of ephedrine. Sweeney did not contest the presentence report's method of calculating the methamphetamine yield from this amount of ephedrine, under which 110 pounds of ephedrine would equal 55 pounds (or 24.948 kilograms) of methamphetamine. Thus, even after excluding the amounts objected to by Sweeney, the quantity of drugs involved was 25.7246 kilograms of methamphetamine, equivalent to 51.4492 kilograms of cocaine. Under U.S.S.G. § 2D1.1(c)(4), the base offense level for an offense involving more than 50 kilograms of cocaine or its equivalent is 36. There was therefore no clear error in the district court's conclusion that Sweeney's base offense was 36.
 
 
 9
 Thus, the issue comes down to whether it was error for the sentencing court to disregard the stipulated 1 kilogram amount of methamphetamine, which would have resulted in a base offense level of 28. The Guidelines allow parties to stipulate to facts relevant to sentencing, with the qualification that the sentencing court "is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing." U.S.S.G. § 6B1.4(d); see also United States v. Zweber, 913 F.2d 705, 708 (9th Cir.1990) ("[T]he stipulation and recommendation does not bind the court"). In United States v. Howard, 894 F.2d 1085 (9th Cir.1990), we noted that:
 
 
 10
 Section 6B1.4(d) states that a court is not bound by a stipulation contained in a plea agreement. However, the court may use the stipulation to aid it in determining relevant facts for sentencing. As the commentary to the section notes, when a court determines the factual basis for a sentence it is not obligated to accept the truth of the stipulation but should "consider the stipulation, together with the results of the presentence investigation, and any other relevant information." Furthermore, the Guidelines do not bar the defendant from conditioning his guilty plea on the district court's acceptance of the parties' stipualtion....
 
 
 11
 Id. at 1089 n. 2 (citations omitted). No such condition was included in appellant's plea agreement. The sentencing court did consider the stipulation, but ample uncontested evidence existed for the court to conclude that the appropriate quantity of narcotics for sentencing purposes far exceeded the one kilogram stipulation. We see no clear error in the district court's refusal to follow the stipulation.
 
 
 12
 Thus, the only way a remand could help appellant now is if we were to require the district court to consider whether a greater downward departure is warranted--something this court lacks jurisdiction to do. To the extent that Sweeney is appealing the refusal of the district court to depart further downward, we maw not review his claim. See Zweber, 913 F.2d at 707.
 
 
 13
 In any event, the district court's refusal to actually make a finding as to whether appellant is a career offender was not an error in the circumstances of this case. Under the Sentencing Guidelines, a district court judge is given the discretion of accepting the recommendation for sentence under a plea agreement if satisfied that either:
 
 
 14
 (1) the recommended sentence is within the applicable guideline range; or
 
 
 15
 (2) the recommended sentence departs from the applicable range for justifiable reasons.
 
 
 16
 U.S.S.G. § 6B1.2(b). Here, the court did not need to determine whether appellant was a career offender or not to satisfy itself that accepting the recommended sentence would require a departure from the guidelines range. The departure, in turn, was justified by appellant's substantial assistance to authorities, a consideration expressly mentioned under the Guidelines as a justifiable reason for downward departure. U.S.S.G. § 5K1.1.
 
 
 17
 Thus, the court correctly observed that it was not necessary under the facts of this case to determine whether appellant was a career offender, since such a determination had no impact on the decision to depart or on the extent of the departure.
 
 
 18
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3