972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul VALENCIA-MAZARIEGOS, Defendant-Appellant.
 No. 91-30286.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1992.
Decided Aug. 26, 1992.
 
 Before TANG, FERGUSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Raul Valencia-Mazariegos ("Valencia") appeals his conviction of being an ex-felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Valencia entered a conditional plea of guilty pursuant to Federal Rule of Criminal Procedure 11(a)(2). He appeals the district court's determinations that reasonable suspicion existed to justify a Terry stop, and probable cause existed to search a doughnut box in the trunk of his car. He also contends there was insufficient evidence to support the trial court's finding that he possessed the guns found in the doughnut box in connection with a crime of violence.
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 STANDARD OF REVIEW
 
 4
 We review a district court's findings of reasonable suspicion to justify an investigatory stop, and the presence of probable cause to conduct a warrantless search, de novo. United States v. Sutton, 794 F.2d 1415, 1426 (9th Cir.1986); United States v. Prieto-Villa, 910 F.2d 601, 604 (9th Cir.1990).
 
 DISCUSSION
 
 5
 Reasonable suspicion exists when an officer determines, "on the basis of his experience and from particular objective criteria," that the person to be detained "may have committed or is about to commit a crime." United States v. Huberts, 637 F.2d 630, 635 (9th Cir.1980), cert. denied, 451 U.S. 975 (1981). See Terry v. Ohio, 392 U.S. 1, 22 (1968).
 
 
 6
 Valencia was traveling with Carlos Orantes-Arriaga ("Orantes"), a suspected drug dealer. Orantes had told a former coconspirator, Brian Boyer, that Valencia and his roommate were going to murder a former DEA informant residing in Portland, "George," who was responsible for the arrest of one of his partners, a man referred to as Julio. Boyer, a reliable informant, told police about the planned hit on George and said it was going to take place when Orantes left Portland.
 
 
 7
 Details of the tip, the identity of a man named George Elias, his association with the DEA, his residence in Portland, and his connection to the arrest of Julian Duarte, were corroborated by police. Orantes's departure from Portland, along with Valencia's decision to stay in Portland for another day, was also consistent with the tip. See Alabama v. White, 496 U.S. 325, 332 (1990) (a person with access to an individual's itinerary is likely to "have access to reliable information about that individual's illegal activities"). "[U]nder the totality of the circumstances ... [Boyer's] tip, as corroborated, exhibited sufficient indicia of reliability to justify the investigatory stop of" Valencia. Id.
 
 
 8
 Valencia argues the investigatory stop turned into an arrest when he was involuntarily taken to the police station and fingerprinted. The district court found, however, that Valencia voluntarily went to the police station and agreed to be fingerprinted. This finding is not clearly erroneous. See United States v. Attson, 900 F.2d 1427, 1433 (9th Cir.) (district court's factual findings on matters of credibility are rarely overturned), cert. denied, 111 S.Ct. 393 (1990).
 
 
 9
 We reject Valencia's argument that the warrantless search of a doughnut box in the trunk of his car violated the fourth amendment. The search was justified under the automobile exception to the warrant requirement because the totality of the circumstances provided probable cause to believe the doughnut box contained evidence of the alleged conspiracy to commit murder. See California v. Acevedo, 111 S.Ct. 1982, 1991 (1991) (police may conduct a warrantless search of a container located inside an automobile if they have probable cause to believe it contains evidence or contraband).
 
 
 10
 Police had at least a reasonable suspicion that Valencia and his roommate were contract killers involved in a plot to murder Elias. They had seen Valencia carefully carry and place the doughnut box inside the trunk of his car. They had determined he lied about his identity and they had discovered warrants for his arrest. In light of the totality of these circumstances, there was more than a fair probability that the doughnut box contained evidence of the alleged conspiracy to commit murder. See Illinois v. Gates, 462 U.S. 213, 238 (1983) (probable cause to search is evaluated in light of the totality of the circumstances and is found to exist if "there is a fair probability that contraband or evidence of a crime will be found in a particular place").
 
 
 11
 Finally, the district court's factual finding that Valencia possessed the firearms found in the doughnut box in connection with a crime of violence was not clearly erroneous. See United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990) (factual findings reviewed for clear error).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3