990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose BELMONTES-COLIN, Defendant-Appellant.
 No. 92-50508.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 6, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Belmontes-Colin appeals his sentence, imposed under the United States Sentencing Guidelines, following entry of a guilty plea to importation of marijuana in violation of 21 U.S.C. §§ 952, 960 (1988). Belmontes-Colin argues that his offense level should have been adjusted downward based on his alleged role as a mere "courier" or "mule." We have jurisdiction under 28 U.S.C. § 1291 (1988) and 18 U.S.C. § 3742 (1988). We affirm.
 
 
 3
 Belmontes-Colin contends that the district court failed to determine whether he was a courier. This contention is belied by the record. The district court specifically found that Belmontes-Colin was not a "mule" within the meaning of our decision in United States v. Valdez-Gonzalez, 957 F.2d 643 (9th Cir.1992). We review that finding for clear error. See United States v. Peters, 962 F.2d 1410, 1414 (9th Cir.1992).
 
 
 4
 Section 3B1.2 of the Guidelines provides for a two to four level downward adjustment in offense level where the defendant's role in the offense is "minimal" or "minor." Belmontes-Colin bears the burden of demonstrating that he was a minimal or minor participant. See United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991) (citing United States v. Howard, 894 F.2d 1085, 1089 (9th Cir.1990)).
 
 
 5
 The only evidence supporting the contention that Belmontes-Colin was a courier, as opposed to an importer and wholesaler, was Belmontes-Colin's self-serving statements, which were made several months after his arrest. These statements are inconsistent with statements he made at the time of arrest. Belmontes-Colin did not demonstrate that he was a mere courier, see United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991), and the district court did not err in refusing to adjust downward his offense level.
 
 
 6
 Belmontes-Colin argues that couriers who participate in a single smuggling transaction are presumptively entitled to role reductions under § 3B1.2, and that our decision to the contrary in United States v. Zweber, 913 F.2d 705 (9th Cir.1990), was overruled implicitly by United States v. Anderson, 942 F.2d 606 (9th Cir.1991) (en banc). Because the district court did not clearly err in finding that Bermantes-Colin was not a courier, we do not address these arguments.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3