993 F.2d 887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pete Nicholas TREVINO, Defendant-Appellant.
 No. 92-30414.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 11, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pete Nicholas Trevino appeals his 21-month sentence imposed following a guilty plea to being an ex-felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Trevino contends that the district court erred by enhancing his offense level for obstruction of justice because the government failed to meet its burden of proving that he intimidated a witness. Trevino also contends that the district court failed to make the factual findings required by Fed.Crim.P. 32(c)(3)(D). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the legality of a sentence, United States v. Hahn, 960 F.2d 903 (9th Cir.1992), and for clear error the district court's underlying factual findings, United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 4
 Trevino contends that the government may not simply rely on the Presentence Report (PSR) but must produce evidence when the facts in the PSR are contested by other evidence. This argument lacks merit.
 
 
 5
 The party seeking to alter the base offense level bears the burden of proving the necessary facts by a preponderance of evidence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). A preponderance of evidence standard requires that the relevant fact be " 'deemed more likely true than not on the basis of the available information.' " United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990) (citation omitted). When resolving a dispute concerning a factor important to the sentencing determination, the district court may only consider information possessing "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a), p.s.
 
 
 6
 According to the PSR, Sheriffs Deputies reported that Trevino attempted to intimidate two potential witnesses by threatening to kill one of them and calling one of them a "narc."[1] Trevino objected to this portion of the PSR and argued that the incident involved a personal dispute without any reference to the instant prosecution or use of the word "narc." In support of this claim, Trevino offered the testimony of Ruth Reigard, his wife and ex-wife of one of the witnesses. Reigard testified that the argument concerned a personal matter and she did not recall any serious threats. She, however, also admitted that she could not remember much of what was said or whether the word "narc" was used.
 
 
 7
 Because the government was seeking an enhancement of Trevino's base offense level, it had the burden of proving the facts showing obstruction of justice by a preponderance of evidence. See Howard, 894 F.2d at 1090. Although the government did not support the statements in the PSR with additional evidence, Trevino's proffer of his wife's testimony did not entirely contradict the factual statements in the PSR. The information in the PSR provided by the Sheriffs Deputies sustained "sufficient indicia of reliability to support its probable accuracy" and could constitute a preponderance of evidence. See U.S.S.G. § 6A1.3(a); Wilson, 900 F.2d at 1354. Accordingly, we hold that the government could have met its burden of proof based on the statements in the PSR alone. See Wilson, 900 F.2d at 1354; Howard, 894 F.2d at 1090.[2]
 
 
 8
 Trevino's second contention that the district court failed to make the necessary factual findings pursuant to Fed.R.Crim.P. 32(c)(3)(D) similarly lacks merit. Under Rule 32, if a defendant disputes factual statements in the PSR, the district court is required either to (1) make a finding as to accuracy of the challenged factual proposition, or (2) indicate that the court is not taking the controverted matter into consideration. Fed.R.Crim.P. 32(c)(3)(D); United States v. Garfield, No. 92-35233, slip op. 2069, 2076 (9th Cir. March 8, 1993). The district court's findings of fact under Rule 32 must be written. United States v. Conkins, No. 91-10307, slip op. 1287, 1303 (9th Cir. Feb. 18, 1993). "Strict compliance with the rule is required." Garfield, slip op. at 2076.
 
 
 9
 Here, the district court made the necessary findings in its written order. See Fed.R.Crim.P. 32(c)(3)(D); Garfield, slip op. at 2076.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Both of the witnesses had given information to local authorities that Trevino, an ex-felon, had pointed firearms at them
 
 
 [2]
 In addition, we note that contrary to Trevino's assertions, the PSR included factual statements concerning the circumstances surrounding Trevino's intimidation of witnesses and was not merely conclusory. Cf. United States v. Navarro, 979 F.2d 786, 789 (9th Cir.1992)