**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William George HOWARD,
Defendant–Appellant.**

No. 89–30093.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 1989.

Decided Jan. 25, 1990.

Jay F. Lansing, Moses Law Firm, Billings, Mont., for defendant-appellant.

Byron H. Dunbar and Klaus P. Richter, Asst. U.S. Attys., Billings, Mont., for plaintiff-appellee.

Before CANBY, WIGGINS and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

William Howard appeals the district court's decision not to reduce Howard's base offense level under the Sentencing Guidelines ("Guidelines"). Howard argues that he was entitled to have his offense level reduced by two points because he was only a minor participant in the conspiracy to which he had pled guilty. Howard states that the district court improperly interpreted the Guidelines, improperly assessed the facts that showed the extent to which Howard had participated in the conspiracy, and failed to provide any reason for imposing the particular length of sentence. We affirm.

## BACKGROUND FACTS

On September 15, 1988, Howard was arrested in Circle, Montana, for attempted bank robbery and conspiracy to commit a bank robbery. Howard's co-conspirator, Kelvin Erikson, was also arrested that day at an airport in Richey, Montana. Howard and Erikson had been planning the bank robbery for almost one month prior to their arrests. Erikson had initially brought up the idea in August of 1988 while the two men were out drinking. Erikson suggested that the men could use a plane for the robbery as Howard was a pilot and could possibly borrow his father's girlfriend's plane. Erikson also recruited a third person to help with the robbery.

On the morning of September 15, 1988, the three men set off in the plane for Richey. Howard left Erikson and the other friend at the Richey airport and flew to Circle to refuel the plane. At Circle, Howard was arrested by an FBI agent. Erikson was arrested at the Richey airport. The FBI had been informed of the proposed bank robbery by the third man involved in the conspiracy.

Howard was charged with attempted robbery, conspiracy, and carrying a firearm. Howard entered into a plea agreement with the United States under which he agreed to plead guilty to the conspiracy charge and the government agreed to dismiss the remaining two charges and to stipulate that Howard was a minor participant in the crime. The district court accepted the plea. However, the court disagreed that Howard was a minor participant and ruled that the facts established that Howard was not entitled under the Guidelines to a two-point reduction in his offense level. The court sentenced Howard to a term of forty-one months; the highest sentence available for Howard's offense level, and criminal history category (20 and I respectively).

## JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction to hear this appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

This court reviews *de novo* the way in which the district court applied the Guidelines. *United States v. Restrepo*, 884 F.2d 1294, 1295 (9th Cir.1989). However, we are to "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e). We review the district court's findings of fact for clear error. *Restrepo*, 884 F.2d at 1295; *see also* 18 U.S.C. § 3742(e).

## DISCUSSION

A. Reduction for Status as Minor Participant.

The Guidelines permit a judge to reduce a defendant's offense level by two points if that defendant was only a minor participant in the crime. U.S.S.G. § 3B1.2(b). The Background note to section 3B1.2 states that a court will have to rely heavily on the facts of the particular

case in order to determine whether a defendant qualifies as a minor participant. *Id.* This court has reiterated that the issue of whether a defendant is a minor participant is primarily a question of fact. *United States v. Sanchez–Lopez*, 879 F.2d 541, 557 (9th Cir.1989); *see also United States v. Gillock*, 886 F.2d 220, 222 (9th Cir.1989) (court reviews for clear error a district court's decision regarding a defendant's participation status). As the *Sanchez–Lopez* court recognized, in order for a court to determine whether a defendant was less culpable than the other defendants, the court must consider a variety of facts. 879 F.2d at 557. Therefore, the status of a defendant as a minor participant is not a legal conclusion but is a factual conclusion. *Id.* (citing *United States v. Franco–Torres*, 869 F.2d 797, 800 (5th Cir.1989)).

■■ Howard first argues that the district court improperly interpreted section 3B1.2 as a matter of law because the court did not use the phrase "less culpable" when it found that Howard was not a minor participant.[1] Howard also argues that section 3B1.2 requires a court to compare a defendant's conduct with the conduct of the other co-defendants as opposed to comparing a defendant's conduct with the conduct of an average participant in the type of crime in question. It is not entirely clear whether other courts have interpreted the Guidelines as requiring a court to compare conduct within group members or to compare conduct to an average standard. However, some courts do seem to have approved of a comparison of conduct among group members. *See Sanchez–Lopez*, 879 F.2d at 557–58; *Franco–Torres*, 869 F.2d at 801; *United States v. Buenrostro*, 868 F.2d 135, 137–38 (5th Cir.1989). We need not resolve that issue here since under either comparison the district court did not err.

It is clear that the district court must always make its comparison by looking to the particular facts of the case before it. As *Sanchez–Lopez* suggests, the phrase "less culpable" is a short-hand way of instructing a court to weigh the particular facts of the case. 879 F.2d at 557. Section 3B1.2 does not require a district court to use a particular terminology when it articulates its results.

■ Furthermore, Howard's approach suggests that there is always likely to be a minor participant in a crime since one person will be less culpable than another based solely on that person's mental state rather than on that person's actions. Howard's exclusive reliance on a defendant's mental state is not a proper approach. The district court should be allowed to consider each defendant's mental state—as the court did here—but the court should also consider other evidence such as each defendant's overt acts. Therefore, we limit our review to whether the district court clearly erred when it found that the facts, as a whole, did not support Howard's argument that he was a minor participant.

■■ The district court did not clearly err when it found that Howard was not a minor participant in the conspiracy to rob a bank. The court found that Howard had significantly participated in planning the robbery. The court also stated that Howard did not qualify as a minor participant merely because he had discussed withdrawing from the conspiracy. The facts support the court's conclusion. Howard discussed the bank robbery with Erikson several times and even went along with Erikson to scout the bank they proposed to rob. Furthermore, Howard was the defendant who procured the airplane and was also the pilot of the plane. Howard had several opportunities to withdraw from the conspiracy but he chose to remain involved. The fact that Howard expressed his discomfort with the robbery did not alter his decision to continue with the conspiracy. There were suffi-

---

**1.** Application Note 3 for section 3B1.2(b) states that a minor participant "means any participant who is less culpable than most other participants, but whose role could not be described as minimal." The Background note to section 3B1.2(b) then states that the section "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant ... a determination that is heavily dependent upon the facts of the particular case."

cient facts from which the district court correctly concluded that Howard was not a minor participant in the conspiracy under any standard.[2] Certainly Howard did not present sufficient evidence to demonstrate that he was a minor participant.

■ Howard next argues that the government should have the burden of proving that Howard was not a minor participant in the crime. In support of that argument, Howard relies on a district court case from Tennessee, *United States v. Dolan*, 701 F.Supp. 138 (E.D.Tenn.1988). In *Dolan*, the court stated that the government would bear the burden of proving that the defendant had not accepted responsibility for his criminal acts. *Id.* at 139.[3] The court placed the burden of proof on the government because the court believed that the government would have as much access as had the defendant to the information necessary to establish whether the defendant had accepted responsibility. *Id.* Furthermore, the district court ruled that the appropriate burden of proof was a "preponderance of the evidence" standard. *Id.* at 140.

The *Dolan* approach has not been well-received by other circuit courts. *See United States v. McDowell*, 888 F.2d 285 (3d Cir.1989); *United States v. Urrego-Linares*, 879 F.2d 1234, 1238–39 (4th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 346, 107 L.Ed.2d 334 (1989); *see also United States v. Harris*, 882 F.2d 902, 906–07 (4th Cir.1989). We also choose not to follow *Dolan* as we find the rationale behind the Third and Fourth Circuit approaches more persuasive.

■ In *McDowell*, the Third Circuit ruled that the burden of proof falls on the party seeking to adjust the offense level. 888 F.2d at 291. Therefore, the government bears the burden of proof if it is attempting to adjust the offense level upwards, but the defendant bears the burden of proof if he is attempting to lower the offense level. *Id.*

The approach taken by the Third Circuit reasonably resolves the issue of which party should bear the burden of proving whether an offense level should be adjusted. As the Third Circuit noted, its rule places the burden on the party seeking a "special favor at sentencing" and requires that party to show why the favor should be "bestowed." *Id.* (citing *United States v. Garcia*, 544 F.2d 681, 685–86 (3d Cir.1976)). Under the Guidelines, the party seeking to adjust the offense level should be required to persuade the court that such an adjustment is merited.

The above rule will help preserve the base offense levels. If we were to adopt the *Dolan* approach we would essentially give every defendant a reduction in his base offense level unless the government was able to meet its burden of proof. For example, the base offense level for robbery is twenty. U.S.S.G. § 2B3.1(a). A defendant could then simply raise his claims that he was entitled to various reductions such as two points for minor participant status or two points for acceptance of responsibility. The sentencing court would be re-

---

**2.** Howard tries to avoid the impact of the adverse facts by arguing that the district court was bound by the parties' stipulation that Howard was a minor participant. Howard states that a district court should be bound by a stipulation of fact as long as there is *any* evidence to support that stipulation. Howard's position has been flatly rejected by the Sentencing Guidelines. Section 6B1.4(d) states that a court is not bound by a stipulation contained in a plea agreement. However, the court may use the stipulation to aid it in determining relevant facts for sentencing. As the commentary to the section notes, when a court determines the factual basis for a sentence it is not obligated to accept the truth of the stipulation but should "consider the stipulation, together with the results of the presentence investigation, and any

other relevant information." U.S.S.G. § 6B1.4, Comments. *See also United States v. Forbes*, 888 F.2d 752 (11th Cir.1989) (a court should not rely exclusively on a stipulation of facts when ascertaining relevant sentencing factors.) Furthermore, the Guidelines do not bar the defendant from conditioning his guilty plea on the district court's acceptance of the parties' stipulation that the defendant was a minor (or minimal) participant.

**3.** The court also noted that the government had conceded that it should bear the burden of proving that the defendant should have two points added to his offense level because the defendant was a "manager." *Dolan*, 701 F.Supp. at 139.

quired to reduce the defendant's sentence by four points unless the government could prove that the defendant did not qualify for the reductions. In practical terms, the robbery defendant would start with a base offense level of sixteen and the government would have to try to raise it to the level actually set in the Guidelines (in this example—twenty). The *Dolan* approach undermines the carefully set sentencing ranges under the Guidelines.

The *McDowell* approach does not produce the same negative incentives as the *Dolan* approach. Under *McDowell,* a defendant only has an incentive to claim a reduction if he can produce sufficient evidence to support that claim. Therefore, the base offense levels set by the Guidelines will only be subject to adjustment when adjustment is merited. Accordingly, we adopt the rule that the government should bear the burden of proof when it seeks to raise the offense level and that the defendant should bear the burden of proof when the defendant seeks to lower the offense level.[4]

■ In order to present a complete analysis, we note that the government should bear the burden of proof for any fact that the sentencing court would find necessary to determine the base offense level. Since the government is initially invoking the court's power to incarcerate a person, it should bear the burden of proving the facts necessary to establish the base offense level. After that, the party seeking to alter the base offense level should bear the burden of proving the necessary facts.

■ Finally, the party bearing the burden of proof will be required to meet a "preponderance of the evidence" standard. We have indicated in previous decisions that we would adopt the "preponderance of the evidence" standard of proof on Guidelines issues. *See United States v. Restre-*

*po,* 883 F.2d 781, 784, n. 7 (9th Cir.1989) *see also United States v. Fernandez–Vidana,* 857 F.2d 673, 675 (9th Cir.1988) ("preponderance of the evidence" standard appropriate for factual findings used for sentencing). That standard is consistent with the Supreme Court's recent ruling that when a state court sentences a defendant, it may rely on factual findings established by a preponderance of the evidence. *McMillan v. Pennsylvania,* 477 U.S. 79, 91–92, 106 S.Ct. 2411, 2418–19, 91 L.Ed.2d 67 (1986). Furthermore, our approach is also consistent with the approach taken by other circuits. *See United States v. McDowell,* 888 F.2d 285, 290–91 (3d Cir.1989); *United States v. Urrego–Linares,* 879 F.2d 1234, 1237–38 (4th Cir.1989); *United States v. Lee,* 818 F.2d 1052, 1057–58 (2d Cir.), *cert. denied,* 484 U.S. 956, 108 S.Ct. 350, 98 L.Ed.2d 376 (1987); *but see United States v. Restrepo,* 832 F.2d 146, 148–49 (11th Cir.1987) (factual statements in presentence report must be supported by "some reliable proof").

In this case, Howard sought to have his offense level reduced. Therefore, he had the burden of proving that the reduction was merited. Unfortunately for Howard, the evidence failed to show that he was a minor participant in the offense. The district court did not err when it denied him the reduction.

## B. Plea Agreement.

■ Howard argues that the plea agreement bars the government from arguing on appeal that the district court did not clearly err when it found that Howard was not a minor participant. According to Howard, the fact that the government stipulated to Howard's minor participant status now precludes the government from challenging Howard's appeal of the district court's decision on that issue. We note first that a dispute over the terms of a plea

---

4. Some examples of when the government would bear the burden of proof are: (1) when the government seeks a three-point increase because the defendant's victim was a police officer. U.S.S.G. § 3A1.2 or (2) when the government seeks a four-point increase because the defendant was the leader of a criminal activity that involved five or more participants. U.S.S.G. § 3B1.1(a). The defendant would bear the burden of proving that he was a minor participant in the crime. U.S.S.G. § 3B1.2. The defendant would also bear the burden of proving that he had accepted responsibility. U.S.S.G. § 3E1.1.

agreement is generally a question of fact and should be resolved by the trial court. *McKenzie v. Risley*, 801 F.2d 1519, 1526 (9th Cir.1986), *vacated in part on other grounds*, 842 F.2d 1525 (9th Cir.) (*en banc*), *cert. denied*, —— U.S. ——, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988). However, in this case a factual hearing will not provide any further helpful information as Howard argues that the government is prohibited from contesting his appeal as a matter of law. Howard does not argue that the plea agreement contained a clause directly barring the government from contesting an appeal or, for that matter, that the parties even discussed the issue when negotiating the plea agreement. Therefore, we will resolve this issue on appeal rather than remand it to the district court for a factual hearing. *See Brooks v. United States*, 708 F.2d 1280, 1283 (7th Cir. 1983) (circuit court resolved similar plea agreement dispute because factual hearing would not be helpful.)

The government will be held strictly to the terms of a plea agreement. *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir.1985), *cert. denied*, 479 U.S. 835, 107 S.Ct. 131, 93 L.Ed.2d 75 (1986). Howard argues that in order to strictly hold the government to the plea agreement in this case, this court should bar the government from addressing on appeal whether the district court erred when it held that Howard was not a minor participant. *See, e.g., United States v. Ewing*, 480 F.2d 1141, 1143 (5th Cir.1973).

We do not adopt Howard's position that the government agrees, as a matter of law, not to contest an appeal when it stipulates to a particular sentencing classification. *See United States v. Arnett*, 628 F.2d 1162, 1164–65 (9th Cir.1979) (government not barred as a matter of law from contesting Rule 35 motion when it had agreed to "take no position" at sentencing.) We hesitate to imply in a plea agreement a condition barring the government from contest-

ing an appeal. To imply such a condition may well be contrary to the parties' intentions. It would also leave us without the benefit of full briefing on both sides of an issue. Therefore, we will not bar the government from participating in an appeal when the plea agreement fails to indicate that the parties clearly intended such a result. *See Brooks*, 708 F.2d at 1282; *Bergman v. Lefkowitz*, 569 F.2d 705 (2d Cir.1978) (plea agreement required prosecutor to recommend no additional sentence. Court did not follow recommendation and prosecutor was not barred by agreement from contesting defendant's subsequent motion.)

There is nothing in Howard's plea agreement to suggest that the government had agreed not to contest any appeal Howard pursued. The government stipulated that Howard was a minor participant in the crime. The government did not contest that stipulation at the sentencing hearing. However, once the district court rejected the parties' stipulation, nothing in the plea agreement barred the government from arguing on appeal that the court did not clearly err when it made its decision. We will not imply such a bar.

C. Reasons for Sentence.

█ Howard's final quarrel with his sentencing is that the district court failed to state the reasons for imposing a forty-one month sentence. Howard argues that section 3553 of title 18 obligates a judge to provide reasons for imposing a particular sentence any time the minimum sentence available under a range is twenty-four months or greater.[5] Howard cites no case law in support of his interpretation. We are unpersuaded by Howard's argument and find that his interpretation is contrary to the statutory language of the Guidelines.

Under the statutory sections establishing the Sentencing Commission, the Commis-

---

5. Section 3553(c) provides in pertinent part: "The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—(1) is of the kind, and within the range, described in subsection (a)(4), and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1).

sion is given the power to set a sentencing range for each category of offense and each category of defendant. 28 U.S.C. § 994(b)(1). Section 994 then particularly describes the way in which the Commission is to establish the scope of each range. As the section notes, "the maximum of the range established ... shall not exceed the minimum of the range" by more than a specified percentage or time period. 28 U.S.C. § 994(b)(2). Section 994 makes clear that Congress intended the word "range" to refer to a span of time within a category rather than to the minimum sentence available in the category. Therefore, the term "range" in Section 3553(c)(1) should be interpreted accordingly. A sentencing court need only provide reasons for its choice of sentence if the span of the particular range involved exceeds twenty-four months. *See also United States v. Ehret*, 885 F.2d 441, 445 (8th Cir.1989) (district court not required to state reasons for particular sentence because span of range did not exceed twenty-four months); *United States v. Duque*, 883 F.2d 43 (6th Cir.1989)(same).

In this case, section 3553 did not obligate the sentencing court to provide reasons for imposing a forty-one month sentence. The span of the range applied to Howard was eight months and, therefore, did not fall within the ambit of section 3553.

### CONCLUSION

The district court did not err when it ruled that Howard was not a minor participant in the crime. Furthermore, the court was not obligated to provide any reasons for selecting a particular sentence within the appropriate Guideline range.

AFFIRMED.