926 F.2d 1216
 288 U.S.App.D.C. 343
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Teresita HINTON, a/k/a Gloria Hines, Appellant.
UNITED STATES of America
v.
Cheryl JENKINS, Appellant.
 Nos. 90-3109, 90-3152.
 United States Court of Appeals, District of Columbia Circuit.
 March 4, 1991.
 
 Appeal from the United States District Court for the District of Columbia.
 D.D.C.
 AFFIRMED.
 Before MIKVA, Chief Judge, and D.H. GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See D.C.Cir.Rule 13(i). The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 Because appellant Hinton admitted that she intended to deliver drugs to her co-defendant Jenkins, Hinton's guilty plea to possession of cocaine base with the intent to distribute was supported by an adequate factual basis. See Fed.R.Crim.P. 11(f); 21 U.S.C. Sec. 802(11); United States v. Ramirez, 608 F.2d 1261, 1264 (9th Cir.1979). The record supports the district court's conclusions that neither appellant was entitled to an offense level reduction for being a "minor participant" in the offense, see U.S.S.G. Sec. 3B1.2, and those conclusions therefore were not clearly erroneous. Finally, the district court did not violate appellant Jenkins' due process rights by failing to notify her before sentencing of a factual conclusion made previously during the sentencing of Hinton. Even if reliance on that conclusion indicates that the court prejudged Jenkins' right to a downward adjustment, Jenkins has failed to show any prejudice. The court's findings were clearly supported by the record, and Jenkins failed to carry her burden of demonstrating an affirmative right to a downward adjustment. See United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). It is accordingly
 
 
 3
 ORDERED and ADJUDGED that the judgment of conviction and the sentence of appellant Hinton be affirmed and that the sentence of appellant Jenkins be affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.