961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Dewayne DAVIS, Defendant-Appellant.
 No. 91-10371.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 22, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Dewayne Davis appeals his sentence imposed under the Sentencing Guidelines ("U.S.S.G.") following his guilty plea to interstate transportation of a motor vehicle in violation of 18 U.S.C. § 2312. Davis contends that the district court erred by adjusting upward his offense level two levels pursuant to U.S.S.G. § 4B1.3 for engaging in a "criminal livelihood." We have jurisdiction under 28 U.S.C. § 1291, and we vacate Davis' sentence and remand for resentencing.
 
 
 3
 We review for clear error the district court's determination of criminal livelihood. United States v. Munster-Ramirez, 888 F.2d 1267, 1269 (9th Cir.1989), cert. denied, 495 U.S. 920 (1990).
 
 
 4
 Section 4B1.3 provides: "If the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood, his offense level shall be not less than 13, unless § 3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than 11." U.S.S.G. § 4B1.3. The Application Notes to section 4B1.3 provide the following definitions:
 
 
 5
 1. 'Planned criminal conduct' means planned criminal acts occurring over a substantial period of time. Such acts may involve a single course of conduct or independent offenses
 
 
 6
 2. 'Engaged in criminal livelihood' means that (1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law; and (2) the totality of the circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period (e.g., the defendant engaged in criminal conduct rather than regular legitimate employment; or the defendant's legitimate employment was merely a front for his criminal conduct).
 
 
 7
 U.S.S.G. § 4B1.3, comment. (n. 1 & 2). The government bears the burden of proof and must meet the preponderance of the evidence standard when it seeks to increase a defendant's offense level. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 8
 In interpreting the guidelines, courts must consider the applicable guideline section and its accompanying commentary together, and where possible, construe both as consistent with each other. United States v. Anderson, 942 F.2d 606, 613 (9th Cir.1991); Munster-Ramirez, 888 F.2d at 1270 (section 4B1.3 is to be interpreted together with its accompanying commentary).
 
 
 9
 Here, the district court adopted the findings and recommendation contained in the presentence report. The presentence report states that Davis qualifies for an enhancement under section 4B1.3 because his criminal record indicates that "he has engaged in thievery as a livelihood," and that "[i]t is very unlikely that [he] held employment for any length of time due to the frequency of his criminal misconduct and incarceration." The presentence report, however, makes no findings as to whether Davis' income from criminal conduct over any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law, as required by Application Note 2 of section 4B1.3. See U.S.S.G. § 4B1.3, comment. (n. 2). Because Application Note 2 is consistent with the text of section 4B1.3, it must be considered and applied together with the text of section 4B1.3. See Anderson, 942 F.2d at 613. Accordingly, because the district court did not make findings consistent with the requirements of Application Note 2 before applying the criminal livelihood enhancement under section 4B1.3, we vacate Davis' sentence and remand for resentencing.
 
 
 10
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3