974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Heriberto ABALLI, Defendant-Appellant.
 No. 91-50728.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 31, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Heriberto Aballi appeals his sentence under the United States Sentencing Guidelines imposed following entry of a guilty plea to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). Aballi contends the district court erred by finding that it lacked authority to grant him a downward adjustment in his offense level for his minor role in the offense. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's construction and interpretation of the Guidelines section on a defendant's role in the offense. United States v. Zweber, 913 F.2d 705, 708 (9th Cir.1990).
 
 
 4
 U.S.S.G. § 3B1.2 provides for a two to four level downward adjustment in the base offense level when a defendant's minor or minimal role in the offense renders him less culpable than most other participants. The party seeking to alter the base offense level bears the burden of making the necessary showing by a preponderance of the evidence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). The mitigating role in the offense "analysis regards only the count of conviction." United States v. Tamez, 941 F.2d 770, 777 (9th Cir.1991). A defendant who is the sole participant in the offense of conviction is not eligible to receive a minor or minimal participant downward adjustment. United States v. Valdez-Gonzalez, 957 F.2d 643, 648 (9th Cir.1992); Zweber, 913 F.2d at 708-09.
 
 
 5
 Here, Aballi was charged in three counts of a 30-count indictment. Pursuant to a negotiated plea agreement, Aballi pleaded guilty to one count of cocaine base distribution. In return, the government dismissed the two remaining counts, conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Aballi was the sole participant in the offense to which he pleaded guilty. Accordingly, he was ineligible to receive a minor or minimal participant downward adjustment. See Valdez-Gonzalez, 957 F.2d at 648; Tamez, 941 F.2d at 777. Therefore, the district court did not err by finding that Aballi could not receive a mitigating role adjustment for the offense of conviction.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3