983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Evaristo PEREZ-MONTES DE OCA, Defendant-Appellant.
 No. 92-50283.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993*
Decided Jan. 11, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Evaristo Perez-Montes de Oca appeals his sentence imposed following entry of a guilty plea to conspiracy to transport and harbor illegal aliens in violation of 18 U.S.C. §§ 371 and 1324(a)(1)(B) & (c). Perez-Montes de Oca contends the district court erred by denying him a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for clear error the district court's finding that a defendant has not accepted responsibility for his offense. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991).
 
 
 4
 U.S.S.G. § 3E1.1 provides for a downward adjustment in the base offense level if a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility" for his criminal conduct. The party seeking to alter the base offense level bears the burden of making the necessary showing by a preponderance of the evidence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). A defendant must affirmatively display "sincere contrition" for the offense of conviction, Ramos, 923 F.2d at 1360, and the district court may deny the adjustment to a defendant who minimizes the extent of his involvement in that offense, United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990).
 
 
 5
 Here, Perez-Montes de Oca stated at sentencing that he was merely doing a favor for a friend when he committed the offense. At the same time that he denied making money--except for a free breakfast--as a result of committing the offense, he admitted being paid $250 for his part in it. He also minimized his role in the offense of conviction by denying that he made certain statements in connection with that offense. These attempts to minimize his involvement were in apparent contradiction to his admission in the plea agreement that he was "an organizer, leader, manager, or supervisor in [the] criminal activity."
 
 
 6
 In light of this evidence, we hold that the district court did not clearly err by concluding that Perez-Montes de Oca had failed to accept responsibility for the offense of conviction. See Corley, 909 F.2d at 362.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3