996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dana DEPEW, Defendant-Appellant.
 No. 92-10443.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 14, 1993.*
Decided June 17, 1993.
 
 Before: GOODWIN, NORRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dana Depew appeals his sentence imposed after a guilty plea to one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Depew argues that he was improperly classified as a career offender pursuant to U.S.S.G. § 4B1.1. We have jurisdiction under 28 U.S.C. § 1291, and we vacate Depew's sentence and remand for resentencing.
 
 
 3
 We review de novo the district court's interpretation and application of the Sentencing Guidelines. United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990). To be eligible for sentencing as a career offender, a defendant must meet three requirements: (1) he must be at least 18 years old at the time of the instant offense; (2) the instant offense must be a felony that involves either violence or a controlled substance; and (3) the defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. In applying section 4B1.1(3), the district court relied on Depew's two September 21, 1981 convictions, following guilty pleas, one for possession of ingredients with intent to make a destructive device, in violation of Cal.Penal Code § 12312, and the other for possession for sale of methamphetamine, in violation of Cal.Health and Safety Code § 11378.[1]
 
 
 4
 Depew contends that he lacks the requisite "two prior felony convictions" to support the district court's assignment of career offender status. Depew and the government agree that the issue is whether Depew's prior convictions for possession of ingredients with intent to make a destructive device and possession for sale of methamphetamine were "related" as defined in section 4A1.2(a)(2).[2] Because "[p]rior sentences imposed in related cases are to be treated as one sentence," Depew argues that his two prior felonies must be considered related because they were "consolidated for ... sentencing." U.S.S.G. § 4A1.2(a)(2) & comment (n. 3); see United States v. Smith, No. 91-50029, slip op. 4033, 4044 (9th Cir. Apr. 22, 1993).
 
 
 5
 Depew is correct. "There is no need for a formal consolidation order for cases to be 'related' under section 4A1.2." Id. All prosecutions combined for trial or sentencing count as a single conviction. Id. (citations omitted). Depew's two prior convictions were assigned to the same state court judge for entry of pleas and for sentencing. Sentencing occurred on the same day, in the same combined proceeding, based on a single presentence report, and the judgment with respect to both was set forth on a single form. This satisfies section 4A1.2. Id. Further, that the sentences were imposed consecutively, rather than concurrently, is insufficient to undermine the state court's informal consolidation. Id. at 4036.
 
 
 6
 Because we conclude that Depew lacks two prior felony convictions, and thus was improperly designated a section 4B1.1 career offender, we need not determine whether possession of ingredients with intent to make a destructive device constitutes a "crime of violence" pursuant to section 4B1.2(1).
 
 
 7
 Depew's sentence is VACATED and the case is REMANDED for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government argues that Depew's June 19, 1990 conviction for possession for sale of methamphetamine provides an additional prior felony conviction to support the district court's career offender enhancement. However, to qualify as a "prior felony conviction," the conviction must be "sustained" before the commission of the instant offense. U.S.S.G. § 4B1.2(3). As Depew committed the instant offense on May 16, 1990, the June 19, 1990 conviction cannot be counted as a "prior felony conviction."
 
 
 [2]
 The provisions of § 4A1.2 are applicable to the counting of convictions under § 4B1.1. U.S.S.G. § 4G1.2, comment. (n. 4)