8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chana WEERAPRAJUK, Defendant-Appellant.
 No. 92-30427.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 6, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chana Weeraprajuk appeals the 78-month sentence imposed following entry of his guilty plea to importation of heroin in violation of 21 U.S.C. §§ 5952(a), 960(a)(1), and 960(b)(2)(A), and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Weeraprajuk contends that the district court erred by making a two-level upward adjustment in his offense level based upon its finding that he was "an organizer, leader, manager, or supervisor" under U.S.S.G. § 3B1.1(c). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for clear error whether a defendant was "an organizer, leader, manager, or supervisor." United States v. Hoac, 990 F.2d 1099, 1110 (9th Cir.1993).
 
 
 4
 An enhancement under U.S.S.G. § 3B1.1 is proper "where a defendant organizes others in the commission of criminal activity even though he does not retain a supervisory role over the other participants." United States v. Varela, Nos. 91-50815, 92-50233, slip op. 8677, 8694 (9th Cir. Aug. 10, 1993). The party seeking to alter the base offense level bears the burden of proving the necessary facts by a preponderance of evidence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). A preponderance of evidence standard requires that the relevant fact be " 'deemed more likely true than not on the basis of the available information.' " United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990) (citation omitted). When resolving a dispute concerning a factor important to the sentencing determination, the district court may only consider information possessing "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a), p.s.
 
 
 5
 According to the Presentence Report ("PSR"), Weeraprajuk admitted to arranging for an individual named Jack Pang to transport heroin from Thailand to Vancouver, Canada in exchange for $10,000. Weeraprajuk then arranged to meet with co-defendant Anthony Cornillez in Vancouver and rented two cars, one for himself and one for Cornillez to drive across the border into the United States. Both Weeraprajuk and Cornillez were arrested in Smoky Point, Washington, where border customs agents had followed them after discovering heroin in Cornillez's car. A check made out by Weeraprajuk to Cornillez in the amount of $2,000 was found in Cornillez's possession. In a post-arrest statement which he later contradicted, Weeraprajuk stated that he planned to pay Cornillez to drive the heroin across the border because he felt Cornillez, a United States citizen, would be more successful. At sentencing, the district court stated that the PSR contained sufficient corroboration of Weeraprajuk's role in the offense to warrant the two-level upward adjustment under U.S.S.G. § 3B1.1(c).
 
 
 6
 Because the government was seeking an enhancement of Weeraprajuk's base offense level, it had the burden of proving the facts warranting the enhancement by a preponderance of evidence. See Howard, 894 F.2d at 1090. Upon review of the record, we hold that the information in the PSR contained "sufficient indicia of reliability to support its probable accuracy" and it showed by a preponderance of evidence that Weeraprajuk organized both Pang and Cornillez in the criminal activity. See U.S.S.G. § 6A1.3(a); Wilson, 900 F.2d at 1354; Varela, slip op. at 8694. Accordingly, the district court did not clearly err in making the two-level upward adjustment in Weeraprajuk's offense level. See Hoac, 990 F.2d at 1110.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3