15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bonnie Kay LEWIS, Defendant-Appellant.
 No. 93-10332.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 23, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bonnie Kay Lewis appeals her 140-month sentence imposed following jury trial for second degree murder committed within Indian country in violation of 18 U.S.C. Secs. 1111, 1153. Lewis contends the district court erred by denying her a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for clear error the district court's finding that a defendant has not accepted responsibility for her offense. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991).
 
 
 4
 U.S.S.G. Sec. 3E1.1 provides for a two-level downward adjustment in the base offense level if a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility" for her criminal conduct. The party seeking to alter the base offense level bears the burden of making the necessary showing by a preponderance of the evidence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). A defendant must affirmatively display "sincere contrition" for the offense of conviction, Ramos, 923 F.2d at 1360, and the district court may deny the adjustment to a defendant who minimizes the extent of her involvement in that offense, United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990).
 
 
 5
 Here, Lewis and codefendants Dorita Mix and Albert Hall were drinking together with the victim, Enrico Chavez. At some point during this extended bout of drinking, an argument involving Chavez broke out. Chavez was stabbed to death by a combination of wounds, apparently inflicted by both Mix and Lewis.[1] After her arrest on the date of the offense, Lewis admitted to Federal Bureau of Investigation (FBI) agents that she had stabbed Chavez three times, once in the chest. At trial, Lewis denied making that statement to the FBI, stating that she only clearly remembered stabbing Chavez once in the wrist, a non-fatal wound. During her parole interview, Lewis denied any memory of causing Chavez' death, but stated that she was sorry for "putting her family though this and 'if I could bring him back, I would.' " At no point did Lewis clearly admit her responsibility for Chavez' death.
 
 
 6
 In light of this minimization of her role in the offense of conviction, the district court did not clearly err by finding Lewis failed to carry her burden of showing that she accepted responsibility for the offense. See Corley, 909 F.2d at 362.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Chavez was stabbed a total of 22 times; five wounds were potentially fatal