21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael L. TAYLOR, Defendant-Appellant.
 No. 93-50569.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 25, 1994.
 
 1
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant Michael Taylor pleaded guilty to unarmed bank robbery in violation of 18 U.S.C. Sec. 2113(a). He appeals the district court's imposition of a two level enhancement for making an express threat of death under Sec. 2B3.1(b)(2)(F) of the Sentencing Guidelines. We have jurisdiction pursuant to 18 U.S.C. Sec. 3742(a) and 28 U.S.C. Sec. 1291. We review the district court's application of the Sentencing Guidelines de novo. United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990).
 
 
 4
 The facts are not in dispute. On December 14, 1992, Lawton robbed a bank in Santa Monica, California. In the course of the robbery, Lawton presented a note to a bank teller containing the following language:
 
 
 5
 No alarms--I'll kill you!--I have a bomb! Get all your money now. No dye packs. You have 15 seconds. Don't be obvious.
 
 
 6
 In a subsequent interview with the FBI, the bank teller described the contents of the note as follows: "Don't be alarmed. I have a bomb. Give me the money you have. You have 15 seconds." She also told the FBI that Lawton had made the following statement to her orally: "Don't be alarmed. Hurry up. Give me all your money."
 
 
 7
 Lawton argues that the district court erred in imposing a two level increase under Sec. 2B3.1(b)(2)(F) because the bank teller was not aware of his death threat. We reject the argument.
 
 
 8
 Section 2B3.1(b)(2)(F) provides that "if an express threat of death was made [in the course of the robbery], increase by two levels." U.S.S.G. Sec. 2B3.1(b)(2)(F). Application note 6 explains that
 
 
 9
 An "express threat of death," as used in subsection (b)(2)(F), may be in the form of an oral or written statement ... [such as] "Give me the money or I will kill you".... The court should consider that the intent of the underlying provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery.
 
 
 10
 U.S.S.G. Sec. 2B3.1(b)(2)(F), comment. (n. 6). The plain language of Sec. 2B3.1(b)(2)(F) and application note 6 requires a court to apply an objective rather than a subjective inquiry into how a victim would perceive the death threat. The victim bank teller's actual state of mind is irrelevant. A reasonable bank teller, when confronted with a robber's note stating "I'll kill you! I have a bomb!" would fear for her life. The district court did not err in imposing a two level enhancement to Taylor's base offense level.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may note be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3