**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose GONZALEZ–MORALES, Defendant–Appellant.**

No. 01–50491.
D.C. No. CR–01–00453–GT.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 21, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Jose Gonzalez–Morales appeals his 30–month sentence imposed following his guilty-plea conviction for transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Gonzalez–Morales first contends that the district court erred by imposing a two-level enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight. We review the district court's determination that this adjustment is appropriate for clear error. *United States v. Reyes–Oseguera,* 106 F.3d 1481, 1482 (9th Cir.1997). In light of the undisputed facts that Gonzalez–Morales drove a van containing thirty-two people in the wrong direction for ten minutes on an interstate highway at night while attempting to elude the authorities, we cannot say that the district court clearly erred in applying the enhancement. *See id.* at 1483 (affirming application of enhancement where defendant's potentially dangerous conduct "was not simply instinctive flight, but contained an additional element").

Gonzalez–Morales next contends that the district court erred by failing to adjust, *sua sponte,* his guideline computation downward three levels pursuant to U.S.S.G. § 2L1.1(b)(1) because his offense was not committed "for profit." Because Gonzalez–Morales did not raise this issue before the district court, our review is for plain error. *See United States v. Aquino,* 242 F.3d 859, 864 (9th Cir.), *cert. denied,*

533 U.S. 963, 121 S.Ct. 2622, 150 L.Ed.2d 775 (2001). Gonzalez–Morales bore the burden of demonstrating that he did not commit the offense for profit. *See United States v. Howard,* 894 F.2d 1085, 1089–90 (9th Cir.1990) (defendant bears burden of showing entitlement to downward adjustment).

The 1997 amendment to § 2L1.2 revised the commentary to this section and deleted the definition of the term "for profit" explicitly exempting a defendant who merely committed the offense in return for forgiveness of his own smuggling fee. *See* U.S.S.G.App. C, amend. 543 (amending definition of term "for profit" in Commentary, Application Note 1). The district court did not plainly err under the new definition by not making this adjustment in Gonzalez–Morales' case.

Finally, Gonzalez–Morales contends that the district court plainly erred by failing to decrease, again *sua sponte,* his guideline calculation pursuant to U.S.S.G. § 3B1.2 for a mitigating role in the offense. Gonzalez–Morales, however, admitted that he drove the van in an attempt to transport illegal aliens away from the border. Moreover, Gonzalez–Morales did not present any evidence to the district court concerning any other participants in the offense compared to whom he was substantially less culpable. The district court therefore did not plainly err. *See e.g. United States v. Hernandez–Franco,* 189 F.3d 1151, 1160 (9th Cir.1999) (affirming denial of minor role adjustment for defendant who appeared to be merely the driver in the smuggling operation).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.