**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Steve JARI, akas; Seal B; Michael Reyes; Michael Percey Reyes & Ching–Chin Chan, Defendant—Appellant.**

**No. 05–50109.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 2006.

Decided Feb. 22, 2006.

Rebecca S. Lonergan, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth A. Newman, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, LEAVY, Circuit Judge, and SEDWICK,* District Judge.

### MEMORANDUM **

Steve Jari appeals the sentence imposed following his guilty plea to health care fraud in violation of 18 U.S.C. § 1347. The appellant's principle contention is that the district court violated *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Fed. R. Crim P. 32 by failing to resolve disputed facts underlying the district court's calculation of the applicable guideline range.

At sentencing, the parties disputed whether Jari should receive a four level enhancement for being a leader or organizer of the scheme. They also disputed how large an enhancement Jari should receive for the loss caused by the offense. Jari argued for a five level enhancement based on the $54,192.94 loss charged in the indictment. The government argued Jari should receive an eleven level enhancement because, as an organizer, Jari was responsible for the approximately one million dollars worth of fraud committed by the entire scheme.

Under Jari's view, the guideline range would have been 8 to 14 months. Under the government's and the presentencing report's view, the guideline range would have been 33 to 41 months. The court imposed a sentence of 33 months.

The defendant and the government were at odds in their view of defendant's role. The government portrayed the defendant as a king pin, and the defendant's counsel portrayed him as a small cog, separate from most of those involved in the scheme. The district court clearly rejected the government's view that he was a king pin. The court, however, also indicated that it believed Jari was an organizer, noting, "it seems undisputed, that he helped put together this scheme." This is supported by the presentence report that recites that the defendant managed others and put the scheme together:

> Jari had more than two cappers, including Allison and Townsend, working for him to recruit Medicare beneficiaries to participate in the scheme.... Further, as previously noted, Deo apparently was not sophisticated enough to organize the fraudulent scheme and acted at Jari's direction. Jari approached Deo about participating in the scheme, introduced the cappers to Deo/VWCR and set up arrangements with various doctors to

---

* The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

fraudulently sign CMNs. Jari instructed Deo about which forms to use and how to fill them out.

At the end of the hearing, the district court stated, "I'm going to sentence this defendant after having, as I say, looked at both the guideline scheme and 3553(A), to the bottom of what would have been the guideline mandatory sentence." It then sentenced Jari to 33 months in prison. The district court thus adopted the government's factual position after an evidentiary hearing, and held that the bottom of Jari's sentencing range under the mandatory system would be 33 months. In the context of this record, the court made adequate findings, that the government proved both loss and role in the offense. The court found that Jari was an organizer of the entire scheme that was responsible for one million dollars in loss.

The proper burden of proof for determining both factors is only preponderance of the evidence. *United States v. Ameline*, 409 F.3d 1073, 1086 (9th Cir.2009) (en banc) (citing *United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir.1990)). With respect to restitution, the district court ordered Jari to repay only the amount of loss stated in the indictment. It observed that the government had not proved Jari's responsibility for one million dollars of loss by "clear and convincing evidence," and went on to say, "[i]f we can get back from him the $54,192.94, the taxpayers are very fortunate."

Jari contends that the reference to "clear and convincing evidence" was inconsistent with its approach to the sentence and that this somehow adversely affected Jari. The low standard of preponderance of the evidence nevertheless applied. That the district court may have given Jari the benefit of the doubt by applying a clear and convincing standard when ordering restitution does not render the sentencing range determination infirm.

Jari further argues that, in determining the sentence within the guideline range, the district court improperly considered and weighed other factors. Our review focuses on whether or not the sentence was reasonable. *Booker*, 125 S.Ct. at 765–766. We do not find any error in the trial court's consideration or weighing of sentencing factors which renders the sentence it imposed unreasonable.

Jari argues for the first time that the district court committed plain error by delegating authority to the probation officer to require Jari to pay for drug, alcohol and psychological treatment. This argument is foreclosed by *United States v. Dupas*, 419 F.3d 916, 923–24 (9th Cir. 2005).

The judgment of the district court is AFFIRMED.