**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Juan Benito CASTRO, aka Tony R.
Lanier Defendant—Appellant.**

No. 05–50216.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2006.

Decided May 5, 2006.

Becky S. Walker, Esq., Beverly Reid O'Connell, Esq., Steve Kim, Office of the

U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Karen L. Landau, Esq., Oakland, CA, for Defendant–Appellant.

Before: WARDLAW and RAWLINSON, Circuit Judges, and CEBULL,* District Judge.

MEMORANDUM **

On appeal, Juan Benito Castro (Castro) challenges his sentence, asserting that the judge's factfinding violated his constitutional rights under the Fifth and Sixth Amendments.

1. Judicial factfinding under an advisory Guidelines regime does not violate the Sixth Amendment. *See United States v. Booker*, 543 U.S. 220, 250–52, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *see also United States v. Ameline*, 409 F.3d 1073, 1081 (9th Cir.2005) (en banc). *Booker* did not alter the preponderance of the evidence standard for factfinding set forth in *United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir.1990). *See Ameline*, 409 F.3d at 1086.

2. The district court was not required to make the drug quantity finding beyond a reasonable doubt to comport with the guarantee of due process contained in the Fifth Amendment. *See United States v. Melchor–Zaragoza*, 351 F.3d 925, 928 (9th

---

* The Honorable Richard F. Cebull, U.S. District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Cir.2003); *see also McMillan v. Pennsylvania*, 477 U.S. 79, 84, 90–91, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986); *Apprendi v. New Jersey*, 530 U.S. 466, 487 n. 13, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

**AFFIRMED.**