NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>   v.<br><br>LETICIA GALEOTE,<br><br>        Defendant - Appellant. | No. 08-50371<br><br>D.C. No. 3:07-cr-01140-JSL-1<br>Southern District of California,<br>San Diego<br><br>ORDER DENYING PETITION<br>FOR PANEL REHEARING<br>AND WITHDRAWING<br>MEMORANDUM DISPOSITION |

Before: FISHER and GOULD, Circuit Judges, and ENGLAND, District Judge. *

The panel has voted to deny the petition for panel rehearing. The memorandum disposition filed October 16, 2009 is withdrawn. A superseding memorandum disposition is being filed concurrently with this order.

The petition for rehearing filed October 30, 2009 is **DENIED**. No further petitions for rehearing will be permitted.

---

*The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 01 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50371 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-01140-JSL-1 |
| v. | |
| LETICIA GALEOTE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted September 4, 2009
Pasadena, California

Before: FISHER and GOULD, Circuit Judges, and ENGLAND, District Judge.[**]

Leticia Galeote appeals her conviction and sentence for conspiracy to import marijuana, importation of marijuana, conspiracy to distribute marijuana and possession of marijuana with intent to distribute. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

The district court correctly found that officers' posing of questions to Galeote's daughter and her daughter's friend did not constitute interrogation of Galeote. Questions related to the care of minors are "normally attendant to arrest and custody" and are not "reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

The district court did not abuse its discretion under Rule 403 by admitting statements Galeote made while officers were speaking with her daughter and her daughter's friend.[1] Although the statements were arguably harmful to Galeote's case, it was within the district court's discretion to find that they were both probative and not unfairly prejudicial. *See United States v. Bailleaux*, 685 F.2d 1105, 1111 n.2 (9th Cir. 1982) (noting unfair prejudice means the admission of evidence "results in some unfairness to the defendant because of its non-probative aspect").

In addition, even if the district court erred by admitting statements made after Galeote attempted to terminate her post-arrest interview, any error was harmless. We assume for the sake of argument that Galeote sufficiently invoked her right not to answer any further questions by stating "[t]hat's all I'm gonna say,"

---

[1]We assume for the sake of argument that this issue was preserved for appeal.

"I'm not gonna say anything anymore" and "I'm not talking anymore." *See Anderson v. Terhune*, 516 F.3d 781, 787-88 (9th Cir. 2008) (en banc) (holding "crystal-clear" invocations in that case "left no room for doubt").[2] The admission of statements made to officers who continue interrogation after a sufficient invocation violates the "right to cut off questioning." *Michigan v. Mosley*, 423 U.S. 96, 103-04 (1975) (internal quotations omitted). In this case, however, any possible error was harmless beyond a reasonable doubt because the government offered the substantial portion of Galeote's post-arrest interview that preceded the invocations and only inconsequential details of the portion of the interview that followed them. Moreover, the indisputably permissible testimony was a sufficient basis for the prosecution's argument in closing that Galeote's story was ridiculous. *See United States v. Padilla*, 387 F.3d 1087, 1094 (9th Cir. 2004) (finding error harmless beyond a reasonable doubt when nothing sought to be suppressed could have affected the jury's determination of guilt).

Finally, the district court did not clearly err by denying Galeote a minor role reduction. Galeote failed to offer evidence to meet her burden other than the

---

[2]We are aware of the Supreme Court's recent grant of certiorari in *Berghuis v. Thompkins*, 77 U.S.L.W. 3670 (U.S. Sept. 30, 2009) (No. 08-1470), but note that the underlying decision is not on point. *See Thompkins v. Berghuis*, 547 F.3d 572, 584 (6th Cir. 2008) (addressing an implicit invocation of *Miranda* rights on the basis of "silence and general uncooperativeness").

government's recommendation of a minor role reduction for her co-conspirator. *See United States v. Rojas-Millan*, 234 F.3d 464, 473 (9th Cir. 2000) (requiring comparison of the defendant with the average participant in the conspiracy, rather than only charged defendants); *United States v. Howard*, 894 F.2d 1085, 1091 (9th Cir. 1990) (holding that a district court need not accept a government's recommendation of a minor role reduction); *see also United States v. Ladum*, 141 F.3d 1328, 1348 (9th Cir. 1998) (placing the burden of proof concerning entitlement to a minor role reduction on the defendant).

**AFFIRMED.**