NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10517 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00427-MCE-7 |
| v. | |
| RAMANATHAN PRAKASH, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted October 18, 2016**
San Francisco, California

Before: CALLAHAN and HURWITZ, Circuit Judges, and MOLLOY,*** District Judge.

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***    The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Ramanathan Prakash was convicted of health care fraud and conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1347 and 1349, and sentenced to 120 months in prison. We previously vacated Prakash's sentence and remanded to allow Prakash to present evidence that the intended loss from the fraud was less than the amount billed to Medicare. *United States v. Popov*, 742 F.3d 911, 916 (9th Cir. 2014). On remand, the district court resentenced Prakash to 120 months. We affirm.

1. In the prior appeal, we held that the amount billed to Medicare is prima facie evidence of intended loss for purposes of calculating the offense level under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2B1.1, but that "the parties may introduce additional evidence to support arguments that the amount billed overestimates or understates the defendant's intent." *Popov*, 742 F.3d at 916. Prakash does not deny that the district court allowed the introduction of such evidence, but argues that our instructions in *Popov* violated the Ex Post Facto Clause because the opinion relied on 2011 amendments to the Sentencing Guidelines while his crimes occurred in 2006-08.

2. The argument fails. *Popov* noted that its approach was consistent with the 2011 amendments, but expressly relied on opinions of three sister circuits interpreting prior versions of U.S.S.G. § 2B1.1, including the version in effect at the time of Prakash's offenses. 742 F.3d at 915–16; *see also* U.S.S.G. § 2B1.1. cmt.

2

n.3(A)(ii) (2007) (providing that intended loss can include "intended pecuniary harm that would have been impossible or unlikely to occur (*e.g.*, as in . . . an insurance fraud in which the claim exceeded the insured value)").

3. Contrary to Prakash's argument, *Popov* does not change the burden of proof with respect to intended loss. *See United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir. 1990) (placing burden on the government). Rather, *Popov* simply gives the defendant the opportunity to rebut the government's evidence of intended loss. 742 F.3d at 916.

4. Prakash also argues that he was denied effective assistance of counsel because his counsel did not seek rehearing in *Popov*. Even assuming review of the ineffective assistance claim is properly before us on direct appeal, *but see United States v. Jeronimo*, 398 F.3d 1149, 1156 (9th Cir. 2005) (limiting review of ineffective assistance claims on direct appeal), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc), the argument fails given our holding that Prakash's resentencing pursuant to *Popov* was constitutional. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (holding that prejudice requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

**AFFIRMED.**