26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hilario FIGUEROA, Defendant-Appellant.
 No. 93-50765.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 1, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hilario Figueroa appeals his eighteen-month sentence imposed following his guilty plea to possession of counterfeit immigration documents in violation of 18 U.S.C. Sec. 1546(a). Figueroa contends that the district court erred by making an two-level upward adjustment in his offense level based upon its finding that he supervised or managed another criminally responsible person. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for clear error whether a defendant was "an organizer, leader, manager or supervisor." United States v. Hoac, 990 F.2d 1099, 1110 (9th Cir.1993), cert. denied, 114 S.Ct. 1075 (1994).
 
 
 4
 To warrant a two-level adjustment under U.S.S.G. Sec. 3B1.1(c), the defendant must have exercised control over another person who is criminally responsible for committing the offense. United States v. Niven, 952 F.2d 289, 291-92 (9th Cir.1991); United States v. Anderson, 942 F.2d 606, 616 (9th Cir.1991) (en banc). A person is criminally responsible for possessing counterfeit immigration documents if the person knows that the document is forged or fraudulently obtained. See 18 U.S.C. Sec. 1546(a). The government bears the burden of proving the necessary facts to warrant an upward adjustment by a preponderance of evidence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 5
 The district court found that circumstantial evidence established that the employees "knew what was happening," and that "any thinking person would see what was occurring." The evidence before the district court established that Figueroa's employees, on a prolonged and continuing basis, aided Figueroa in producing counterfeit immigration documents for illegal aliens. We have reviewed the record and we conclude that the district court did not clearly err by finding that Figueroa exercised control over another criminally responsible person. See Hoac, 990 F.2d at 1110-11; Anderson, 942 F.2d at 616.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3