107 F.3d 878
 79 A.F.T.R.2d 97-1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald GRAY, aka Fred Gray, aka Vincent Fudzie, Defendant-Appellant.
 No. 96-10103.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 16, 1997.
Decided Feb. 26, 1997.
 
 Before: LAY,* GOODWIN, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant, Gerald Gray, appeals his sentence for violation of 26 U.S.C. § 7232, false statement in an application for registration under section 4101 of the internal revenue code, and 18 U.S.C. § 267, false claim against the United States. Gray also appeals the district court's order of restitution. We affirm.
 
 I. Sentencing by the District Court
 
 3
 On August 10, 1994, Gerald Gray and two companies he controlled were charged in a fourteen-count indictment with fraud in connection with the purchase and sale of diesel fuel. On October 25, 1994, Gray agreed to plea guilty to one count of the indictment charging him with making a false statement in an application for registration, and to a single count information charging him with making false claims upon the government.
 
 
 4
 After both Gray and the government objected to the Probation Department's presentence report, the district court held a four-day evidentiary hearing to determine the factual basis for sentencing. The district court found that Gray caused the government a total loss of $2,022,333.38. This amount of loss included $1,346,166.85 in unpaid federal excise taxes, $544,124.00 in unpaid corporate income taxes, and $132,042.53 in unlawful Small Disadvantaged Program premiums.
 
 
 5
 The district court also found that Gray impeded the investigation and obstructed the sentencing. Based on those findings and the district court's conclusion that the offense involved more than minimal planning, the district court found the appropriate offense level was 22. The court sentenced the defendant to two concurrent 46 month terms of imprisonment and a three year term of supervised release. The court also ordered restitution of $1,329.139.38. Gray challenges the district court's findings as to the amount of federal excise tax loss, the amount of unpaid corporate income tax, and the order of restitution.
 
 II. Standard of Review
 
 6
 We review de novo the district court's interpretation and application of the Sentencing Guidelines. United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996). We review the district court's factual determinations in applying the Sentencing Guidelines for clear error. See United States v. Salemo, 81 F.3d 1453, 1463 (9th Cir.), cert. denied, 117 S.Ct. 436 (1996).
 
 III. Burden of Proof
 
 7
 At sentencing, the government must establish by a preponderance of the evidence the facts necessary to determine the base offense level. See United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). "After that, the party seeking to alter the base offense level should bear the burden of proving the necessary facts" by a preponderance of the evidence. Id. The district court sentenced Gray pursuant to the sentencing guideline for crimes involving fraud and deceit. See U.S.S.G. § 2F1.1. The Guideline provides for a base offense level of six and may be adjusted upward depending on the amount of the loss involved. See U.S.S.G. §§ 2F1.1(a), (b)(1). As the government argues that Gray's sentence should be increased twelve levels due to the amount of the loss, the government bears the burden of proving the amount of the loss by a preponderance of the evidence. See United States v. Rice, 52 F.3d 843, 848 (10th Cir.1995).
 
 IV. Federal Excise Tax
 
 8
 To prove the amount of the federal excise tax loss the government relied on the testimony of Agent Woo and his preparation of Exhibit 18, a schedule listing Gray's suppliers, the amount of fuel Gray purchased from these suppliers, and the amount of excise taxes Gray paid to these suppliers. The schedule records the results of Agent Woo's and others' investigation of Gray's fuel purchases. The schedule is based directly on information from Gray's suppliers, notably supplier invoices, tax returns, and documents.
 
 
 9
 Gray argues that the schedule is unreliable hearsay and therefore cannot serve as sufficient proof that Gray did not pay excise taxes to his suppliers. He argues that the government should have introduced supplier tax returns and specific supplier documentation in order to prove the amount of the loss by a preponderance of the evidence.
 
 
 10
 Gray correctly asserts that hearsay, though admissible at sentencing, must have some minimal indicia of reliability to support its accuracy. See United States v. Petty, 982 F.2d 1365, 1369 (9th Cir.1993). However, Exhibit 18 is not hearsay. Rule 1006 of the Federal Rules of Evidence allows the introduction of summaries such as Exhibit 18 in lieu of voluminous documents as long as the documents are made available to the other party. See Fed.R.Evid. 1006. Gray never argued that the supplier invoices, tax returns and documents upon which Exhibit 18 is based were not made available to him. Therefore, the government need not have offered these documents into evidence because the schedule served as their replacement. The schedule thus served as sufficient proof of the amount of federal excise tax loss.
 
 
 11
 Gray also argues that Agent Woo's testimony was unreliable because the district court found the testimony of Duff Hughes, one of Gray's suppliers, unreliable. Regardless of whether the district court found Mr. Hughes' testimony unreliable, Hughes' lack of reliability cannot be imputed to Agent Woo. Further, Agent Woo's testimony was based on his review of files of the various suppliers which included supplier invoices, tax returns and documents, and the reliability of these documents has not been questioned.
 
 
 12
 Finally, Gray argues that the government's method of calculating the amount of federal excise tax loss assumes that Gray had a duty to insure that his suppliers collected excise tax from him. The assumptions of the government's calculations are irrelevant. Gray agreed in his guilty plea that "the loss shall include all unpaid ... excise taxes." The government proved that Gray collected from purchasers of fuel $1,346,166.85 more in excise taxes than he paid to his suppliers. Gray had no legal right to keep any of this amount. But he did. Because Gray did not pay this $1,346,166.85 to his suppliers, the government lost $1,346,166.85 in federal excise tax revenue. Further, Gray concedes that he provided false tax exemption forms to at least some of his suppliers. The district court could have inferred that this was Gray's means of doing business and made a "reasonable estimate of the loss, given the available information" that included the unpaid excise taxes for all of Gray's suppliers. See U.S.S.G. § 2F1.1, comment, n. 8.
 
 V. Corporate Income Tax
 
 13
 We need not reach Gray's argument that the district court erred in calculating the amount of unpaid corporate income taxes. Gray argues that the district court should have calculated the unpaid corporate income tax as $122,878.00 rather than $544,124.00. Using either figure, the total amount of loss is above $1,500,000.00 but below $2,500,000.00. Using either figure, Gray's sentence would be subject to the same twelve level increase. See U.S.S.G. § 2F1.1(b)(1)(M).
 
 VI. Restitution
 
 14
 The district court did not err in calculating the amount of federal excise tax lost. Thus, we reject Gray's challenge to the district court's order of restitution.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3