**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Luis Alonso ARELLANO, Defendant—**
**Appellant.**

**No. 00–50663.**
**D.C. No. CR–99–00886–ABC–02.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2002 *.

Decided April 17, 2002.

Before REINHARDT and GRABER, Circuit Judges, and HUNT,** District Judge.

MEMORANDUM ***

Defendant Luis Alonso Arellano challenges his sentence for armed bank robbery and conspiracy to commit armed bank robbery. Specifically, he argues that

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Roger L. Hunt, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the district court erred when it declined to reduce his offense level pursuant to U.S.S.G. § 3B1.2(b) because of Defendant's allegedly minor role in the offense. We review for clear error the district court's decision that Defendant did not qualify for such a role reduction. *United States v. Pizzichiello,* 272 F.3d 1232, 1237 (9th Cir.2001).

Defendant argues that he is less culpable than the armed robber who physically took the money, for three reasons: he has a low IQ score, his participation was involuntary, and he was a less active and less important participant in the robbery. None of these arguments persuades us.

The fact that Defendant has a low IQ score, without more, does nothing to diminish his culpability. Defendant presented no evidence that his participation was involuntary, other than his own self-serving statement. The district court was not required to credit such a self-serving statement. *United States v. Lui,* 941 F.2d 844, 849 (9th Cir.1991). Finally, the record reflects that Defendant played an *essential* role in the commission of the offense by informing the other participant that the couriers who serviced the ATM in question were unarmed, by phoning the other participant to let him know when the couriers had arrived, and by not reporting the robbery until after it was completed. In the circumstances, the district court did not err when it concluded that Defendant had not met his burden of demonstrating that he was "substantially less culpable" than the other participant. U.S.S.G. § 3B1.2, cmt. background. *See, e.g., United States v. Davis,* 36 F.3d 1424, 1436–37 (9th Cir. 1994) (holding that, "[j]ust because a defendant may be less culpable than other participants in an offense, he is not necessarily entitled to a minimal or minor role adjustment," and holding that the district court did not err in refusing adjustment to the defendant drug courier); *United States v. Pinkney,* 15 F.3d 825, 828 (9th Cir.1994) (noting, in the context of a sentence for robbery, that downward adjustments for minor participant status are to be used infrequently, and holding that the fact that the defendant "did not mastermind the robbery does not automatically make him a minor participant"); *United States v. Howard,* 894 F.2d 1085, 1090 (9th Cir.1990) (holding that district court did not err in refusing minor-participant adjustment for defendant who scouted robbery scene and provided and flew getaway airplane).

AFFIRMED.

