UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

ANTHONY RAY FLOWERS,
　　　　　*Defendant-Appellant.*

No. 01-4866

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-01-44-BR)

Submitted: May 29, 2002

Decided: June 25, 2002

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Shea Riggsbee Denning, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Jennifer May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Anthony Ray Flowers appeals his convictions and sentences for armed bank robbery and aiding and abetting, in violation of 18 U.S.C.A. § 2113(a), (d) (West 2000), and 18 U.S.C.A. § 2 (West 2000), and for conspiracy to commit armed bank robbery in violation of 18 U.S.C.A. § 371 (West 2000). Finding no reversible error, we affirm.

Flowers first claims that the district court erred in denying his motion for downward departure based on diminished capacity pursuant to *U.S. Sentencing Guidelines Manual* (U.S.S.G.) § 5K2.13 (2000). Because a decision to depart from the sentencing guidelines is a highly factual determination within the exclusive province of the sentencing court, we will only review such a decision if it reflects a purely legal determination, such as the district court's misapprehension of its authority to depart. *United States v. Wilkinson*, 137 F.3d 214, 230 (4th Cir. 1998); *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). A review of the sentencing hearing transcript indicates the district court's refusal to depart downward was based on the facts that Flowers and the Government presented at sentencing and not on any misapprehension of its ability to depart. Accordingly, this issue is not reviewable. *See United States v. Matthews*, 209 F.3d 338, 352-53 (4th Cir.), *cert. denied*, 531 U.S. 910 (2000).

Flowers next contends that the district court erred by refusing to grant him a "minor role" adjustment under U.S.S.G. § 3B1.2. Specifically, Flowers contends that the district court should have deemed him a minor participant in the offenses because his mental impairment reduced his culpability for the crime. Because Flowers failed to make this argument before the district court, this court reviews for plain error.*United States v. Olano*, 507 U.S. 725, 732 (1993). Assuming

---

*Flowers argued at sentencing that he was entitled to an adjustment under U.S.S.G. § 3B1.2 on the basis that he was merely the getaway driver for the armed bank robbery.

that a "minor role" adjustment may be granted solely based upon the defendant's mental condition, rather than his conduct, *but cf. United States v. Howard*, 894 F.2d 1085, 1088 (9th Cir. 1990) (stating that the court should not rely exclusively on a defendant's mental state in determining whether U.S.S.G. § 3B1.2's minor participant adjustment applies), our review of the record reveals that Flowers's conduct was "material or essential to committing the offense[s]," *United States v. Palinkas*, 938 F.2d 456, 460 (4th Cir. 1991). Flowers was involved in many aspects of the planning and execution of the robbery. Although Flowers may have some intellectual limitations, he has not presented evidence demonstrating that his limitations prevented him from understanding and taking part in the crime. We therefore conclude that the district court did not commit plain error in finding that Flowers was not entitled to a "minor role" adjustment.

Finally, Flowers contends that the district court's restitution order must be corrected on remand to include language stating that the bank's recovery is limited to the amount of its loss. The district court's order holds Flowers jointly and severally liable with his co-defendant for the payment of $1484 to the bank. Because Flowers did not raise this issue in the district court, this court reviews for plain error. *Olano*, 507 U.S. at 732. Because there is no statutory requirement, nor controlling law in the Fourth Circuit, requiring that a restitution order imposing joint and several liability explicitly state the limit of the victim's recovery, we conclude that the district court's failure to include this limitation in its order does not amount to plain error.

Accordingly, we affirm Flowers's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*