**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Valerie M. HUGHES, aka Valerie Knapp–Waddell, Defendant— Appellant.**

No. 04–30529.

United States Court of Appeals, Ninth Circuit.

---

Submitted Sept. 12, 2005.*

Decided Sept. 22, 2005.

* This panel unanimously finds this case suitable for decision absent oral argument. *See*    Fed. R.App. P. 34(a)(2).

Aine Ahmed, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff-Appellee.

Thomas E. Cooney, Jr., Esq., Spokane, WA, for Defendant-Appellant.

Before: BROWNING, ALARCON, and KLEINFELD, Circuit Judges.

MEMORANDUM **

## INTRODUCTION

Valerie Hughes pled guilty to bank fraud in violation 18 U.S.C. § 1344. Applying two-level enhancements for "more than minimal planning," *see* U.S.S.G. § 2F1.1(b)(2) (1998),[1] and "vulnerable victim," *see* U.S.S.G. § 3A1.1(b)(1), and a six-level enhancement for loss exceeding $70,000, *see* 2F1.1(b)(1)(G), the district court sentenced Hughes to fifteen months imprisonment. The district court also, pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, ordered Hughes pay restitution of $78,239.48. We affirm the district court's application of the enhancements and restitution order, but remand Hughes' sentence in accordance with *United States v. Ame-*

*line*, 409 F.3d 1073 (9th Cir.2005) (en banc).

## I. REMAND

■ Alleging *Booker* error, Hughes contends the district court imposed her sentence while mistakenly believing the U.S.S.G. were mandatory. As the Guidelines are now discretionary and ascertaining whether the district court would have imposed a materially different sentence under a 'discretionary regime is not possible on the record before us, we remand for the district court's discretionary reconsideration of Hughes' sentence in light of *Ameline,* 409 F.3d 1073.

However, because in determining whether it will impose a different sentence, the district court, under *Ameline,* must still consider the now-discretionary Guidelines, we resolve the enhancement and restitution issues the parties fully briefed on appeal. *See United States v. Moreno–Hernandez,* 419 F.3d 906, 916 n. 9 (9th Cir.2005) (finding limited *Ameline* remand appropriate but resolving question concerning applicability of Guideline enhancement).

## II. MORE THAN MINIMAL PLANNING

■ The district court did not err in finding Hughes' bank fraud scheme involved more than minimal planning. Based upon Hughes' admissions, her criminal conduct took place over many months and involved numerous check forgeries. This alone supports the enhancement under U.S.S.G. § 2F1.1(b)(2). *See* U.S.S.G. § 1B1.1, comment. (n.1(f)) (stating more than minimal planning exists "in any case

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. In Hughes' plea agreement, the Government and Hughes appropriately agreed the 1998 U.S.S.G. were applicable to Hughes' crimes. Accordingly, all U.S.S.G. references herein are to the 1998 version.

involving repeated acts over a period of time").

## III. VULNERABLE VICTIM

■ Application of the vulnerable victim enhancement was also proper. Hughes contends Pearl Gustin was not a victim of her bank fraud and, thus, could not be a vulnerable victim for enhancement purposes. This argument lacks merit. A vulnerable victim need not be the technical victim of the convicted offense. *United States v. Medrano,* 241 F.3d 740, 745 n. 4 (9th Cir.2001). Rather, a victim under U.S.S.G. § 3A1.1(b)(1) need only suffer harm or significant inconvenience from the defendant's conduct. *See id.* (citing *United States v. McCall,* 174 F.3d 47, 51 (2nd. Cir.1998) (finding accountholders may be vulnerable victims of embezzlement because they will at least suffer significant inconvenience)).

In her plea agreement, Hughes admitted the following facts which establish a proper basis for the district court's imposition of the vulnerable victim enhancement.[2] Knowing Gustin was elderly and resided in an assisted-living facility, Hughes devised a scheme to gain control of, and receive money from, Gustin's debenture account. Using this scheme, Hughes and Benjamin Henson surreptitiously removed approximately $59,000 from Gustin's account. As the district court found, "the assets of [Gustin's] estate were, in fact, taken wrongfully and divided among [Hughes and Henson].... [Gustin] was victimized and she was elderly ... she fits the classic definition" of a vulnerable victim. Accord-

ingly, the district court properly applied the two-level enhancement under U.S.S.G. § 3A1.1(b)(1).

## IV. AMOUNT OF LOSS

■ The district court did not err in determining the amount of loss attributable to Hughes exceeded $70,000. During Hughes' sentencing hearing, her counsel stipulated to an amount of loss greater than $70,000. Additionally, the admitted facts in Hughes' plea agreement support the district court's finding as to loss. She admitted forging seven checks totaling $11,011.06. She additionally agreed execution of her and Henson's scheme relieved Gustin's account of $59,833.87. Independent of Hughes' counsel's stipulation, these admissions establish Hughes' conduct caused a total loss of at least $70,844.87. Consequently, the district court properly applied the six-level enhancement under U.S.S.G. § 2F1.1(b)(1)(G) for crimes involving fraud which cause a loss exceeding $70,000.

## V. RESTITUTION

■ The district court did not abuse its discretion in ordering Hughes pay restitution of $78,239.48. Hughes pled guilty to eight counts of bank fraud and, thus, was subject to the provisions of the Mandatory Victims Restitution Act. *See* 18 U.S.C. § 3663A(a)(1), (c). Because Hughes' crime involved as an element a scheme or pattern of criminal conduct, the district court was not confined to the indicted amounts in ordering restitution; rather, it could properly order restitution for losses

**2.** Hughes contends her plea agreement contains no admissions the district court could rely upon at sentencing. We disagree. The facts section of Hughes' agreement reads, "The United States and the Defendant stipulate and agree the following facts are accurate." Hughes cites no law to support her argument that by stipulating and agreeing to

the accuracy of facts, she neither admitted those facts nor stipulated to their truth. Our own search also fails to find support for Hughes' distinction. Thus, her argument is frivolous, and the district court properly relied upon the stipulations in her plea agreement at sentencing. *See United States v. Howard,* 894 F.2d 1085, 1089 n. 2 (9th Cir.1990).

caused in the course of Hughes' scheme by acts of related, but uncharged conduct. *See United States v. Lawrence*, 189 F.3d 838, 846 (9th Cir.1999). In addition to the indicted amounts, the district court included the balance of the loss Hughes' employer and its insurer suffered in compensating Gustin's estate for the $59,833.87 Hughes and Henson removed from her account. The order also encompassed unindicted losses Hughes' employer sustained from other forged checks, fraudulent invoices, and payroll advances Hughes failed to reconcile. Because the district court did not include amounts beyond the convicted amounts and those caused by Hughes' conduct relating to her overall scheme, the district court's restitution order was proper. *See id.*

## CONCLUSION

Based upon the above reasoning, we **AFFIRM** the restitution order. We also **AFFIRM** the district court's imposition of enhancements for amount of loss exceeding $70,000, for "vulnerable victim," and for "more than minimal planning." We, however, **REMAND** Hughes' sentence in accordance with *Ameline*.