**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Carlos Martin DURAZO–PERALTA,
Defendant—Appellant.**

No. 04–10635.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 11, 2006.*

Decided Jan. 20, 2006.

Beverly K. Anderson, Esq., Tucson, AZ, for Plaintiff—Appellee.

Richard Madril, Esq., Tucson, AZ, for Defendant—Appellant.

Before: NOONAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Appellant Carlos Martin Durazo–Peralta appeals the imposition of a 37–month prison sentence following his guilty plea on the grounds that the government failed to prove he was responsible for more than 100 kilos of marijuana, that the sentencing judge incorrectly interpreted the sentenc-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ing guidelines in holding him responsible for more than 100 kilos of marijuana, and that the judge erred in failing to grant him a downward adjustment for playing a minor role in the offense. We affirm.

## STANDARD OF REVIEW

This Court reviews the district court's interpretation and application of the Sentencing Guidelines *de novo. United States v. Ogbuehi,* 18 F.3d 807, 814 (9th Cir.1994). Factual findings made during sentencing are reviewed for clear error. *United States v. Asagba,* 77 F.3d 324, 325 (9th Cir.1996). The quantity of drugs involved in an offense is a factual finding. *United States v. Palafox–Mazon,* 198 F.3d 1182, 1186 (9th Cir.2000). "The district court's determination that the defendant was not a minor participant in the offense is a factual determination that we review for clear error." *United States v. Pena–Gutierrez,* 222 F.3d 1080, 1091 (9th Cir.2000).

## ANALYSIS

**1. The Government Met Its Burden of Proving All Facts Necessary to Set the Base Offense Level at 26**

■ Durazo–Peralta argues that the government failed to meet its burden of proving all facts necessary to determine the base offense level.

In *United States v. Howard,* 894 F.2d 1085 (9th Cir.1990), this Court stated that, "[s]ince the government is initially invoking the court's power to incarcerate a person, it should bear the burden of proving the facts necessary to establish the base offense level." *Id.* at 1090. Further, the *Howard* court held that "the government should bear the burden of proof when it seeks to raise the offense level and that the defendant should bear the burden of proof when the defendant seeks to lower the offense level." *Id.*

The judge set the base offense level at 26. ER at 32. Under the sentencing guidelines, a base offense level of 26 requires proof that the defendant conspired to possess with intent to traffic in "[a]t least 100 KG but less than 400 KG of Marihuana." USSG § 2D1.1(a)(3), (c)(7) (2003).

Durazo–Peralta admitted that his group was carrying 104 kilos of marijuana. ER at 20. He admitted that his group was a conspiracy to possess with intent to distribute the marijuana by pleading guilty to the indictment. ER at 22. Because the defendant admitted that he was part of the conspiracy and admitted that the conspiracy possessed with intent to traffic in more than 100 kilos of marijuana, those facts are proved beyond a reasonable doubt, and are *a fortiori* proved by a preponderance of the evidence.

Because the government met its burden of proving that Durazo–Peralta conspired to possess with intent to traffic in at least 100 kilos of marijuana, the judge properly set the base offense level at 26.

**2. The District Court Properly Attributed to Durazo–Peralta All Marijuana Possessed by the Members of the Conspiracy**

■ Durazo–Peralta next argues that the judge improperly attributed to him all of the marijuana carried by all of the backpackers, instead of a *pro rata* portion. This argument, like the burden-of-proof argument, is foreclosed by Durazo–Peralta's guilty plea; he admitted responsibility for more than 100 kilos of marijuana by pleading guilty to the conspiracy charge, so his claim that he should only be held responsible for 20.8 kilos is unavailing.

Durazo–Peralta argues that the district court erred in attributing the entire amount to him for sentencing purposes because a different result is required by this court's decision in *United States v. Palafox–Mazon,* 198 F.3d 1182 (9th Cir.

2000). In that case, this court held that the district court did not commit clear error in sentencing each backpacker only for the amount he was personally carrying. *Id.* at 1191. The court went on to say that "the 'particular circumstances' in this case suggest that it falls squarely within the caveat of [USSG § 1B1.3(a)(1)(B) ] Commentary Example No. 8 that states: 'the nature of the offense is more appropriately viewed … as … separate criminal activities.' " *Id.* But, critically, in *Palafox-Mazon,* "[t]he government dismissed the conspiracy charges," and the defendants pled guilty only to possessing with intent to distribute marijuana, not to any conspiracy charge. *Id.* at 1185. *Palafox-Mazon* is thus distinguishable from this case because by admitting he was part of a conspiracy, Durazo–Peralta foreclosed any argument that he and his co-conspirators were engaging in separate criminal activities.

### 3. The District Court Did Not Clearly Err by Failing to Grant Durazo–Peralta a Downward Adjustment for Playing a Minor Role

█ Durazo–Peralta argues that the district court erred by failing to grant him a downward adjustment for playing a minor role in the offense.

Section 3B1.2 advises the sentencing judge to decrease the offense level by two levels "[i]f the defendant was a minor participant in any criminal activity." USSG § 3B1.2(b) (2003). This provision applies if the defendant "plays a part in committing the offense that makes him substantially less culpable than the average participant." USSG § 3B1.2 cmt. n. 3(A) (2003).

A downward adjustment based on a minor role in the offense is applicable "only in exceptional circumstances." *Pena–Gutierrez,* 222 F.3d at 1091. Furthermore, "[t]he defendant has the burden of proving by a preponderance of the evidence that he is entitled to a downward adjustment based on his role in the offense." *United States v. Ladum,* 141 F.3d 1328, 1348 (9th Cir.1998).

Durazo–Peralta states that he "provided unrefuted statements that he was a backpacker, who was among the least culpable for this crime." Blue Br. at 21. It is indeed unrefuted that Durazo–Peralta was a backpacker, but that fact does not compel any particular conclusion as to his culpability compared to the culpability of the other participants in the crime. He was a backpacker, but so were at least four other co-conspirators. Given that his role was substantially the same as that of the other participants, it was not clear error for the judge to find that he was not "substantially less culpable than the average participant."

## CONCLUSION

Because Durazo–Peralta admitted responsibility for more than 100 kilos of marijuana by pleading guilty to the conspiracy charge, the government necessarily met its burden of proving that he was responsible for more than 100 kilos and the district court did not err in holding Durazo–Peralta responsible for more than 100 kilos. Because Durazo–Peralta played the same role as his co-conspirators, the district court did not clearly err when it failed to grant him a downward adjustment for playing a minor role in the offense. The judgment of the District Court is therefore AFFIRMED.